**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ANTONIO ESCALANTE-FLORES,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 12-70449<br><br>Agency No. A201-174-552<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Carlos Antonio Escalante-Flores, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including credibility findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review de novo questions of law. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The record does not support Escalante-Flores' contention that the BIA did not take any of his new evidence or arguments into account. The BIA considered his new evidence and found it did not warrant remand. Esclante-Flores does not challenge this determination by the BIA. Further, we do not consider the new materials Escalante-Flores submits for the first time with his opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (the court's review is limited to the administrative record). Insofar as Escalante-Flores seeks to reopen removal proceedings, the proper course is to make this request to the BIA. *See id.*

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between Escalante-Flores' testimony and asylum application regarding his brother's gang membership and death, which gang shot Escalante-Flores, and where he lived in El Salvador. *See Shrestha*, 590 F.3d at

1048 (adverse credibility determination was reasonable under the totality of circumstances). Escalante-Flores' explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject Escalante-Flores' contention that the BIA exceeded the scope of its review by applying the REAL ID Act to the facts of this case. *See Shrestha*, 590 F.3d at 1039-40 (explaining the REAL ID Act applies to "applications for asylum, withholding of removal, and CAT relief made on or after May 11, 2005"). Thus, Escalante-Flores' asylum and withholding of removal claims fail. *See id.* at 1048.

Substantial evidence also supports the agency's denial of Escalante-Flores' CAT claim because it was based on the same statements that were found not credible, and the record does not otherwise compel the finding that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Shrestha*, 590 F.3d at 1048-49.

Escalante-Flores' due process claim based on inadequate translation fails. *See Lata*, 204 F.3d at 1246 (requiring prejudice to prevail on a due process claim).

Finally, we lack jurisdiction to consider Escalante-Flores' contentions that the IJ was biased and failed to fully develop the record, and that he had inadequate legal assistance, because Escalante-Flores did not exhaust these claims before the

12-70449

BIA.  *See Barron*, 358 F.3d at 677-78.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**